COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-141-CR

 

JEFFREY L. VIAN         APPELLANT

 

                                                   V.

 

THE
STATE OF TEXAS                                                                STATE

                                              ------------

 

           FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant
Jeffrey L. Vian entered an open plea of guilty to indecency with a child -
contact.  The trial court assessed his
punishment at eight years= confinement.








Vian=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion. 
Counsel=s brief and motion meet the
requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief.  Vian
has filed a pro se brief in which he enumerates two potential sources of error.[3]  In addition, the State has filed a letter
brief.

As the
reviewing court, we must conduct an independent evaluation of the record to
determine whether counsel is correct in determining that the appeal is
frivolous.  See Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d
920, 923 (Tex. App.CFort Worth 1995, no pet.).  Only then may we grant counsel=s motion
to withdraw.  See Penson v. Ohio,
488 U.S. 75, 82B83, 109 S. Ct. 346, 351
(1988).  Because Vian entered an open
plea of guilty, our independent review for potential error is limited to
potential jurisdictional defects, the voluntariness of Vian=s plea,
error that is not independent of and supports the judgment of guilt, and error
occurring after entry of the guilty plea. 
See Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young
v. State, 8 S.W.3d 656, 666B67 (Tex.
Crim. App. 2000).








We have
carefully reviewed the record, counsel=s brief,
Vian=s pro se
brief, and the State=s letter brief.  We agree that the appeal is wholly frivolous
and without merit.  We find nothing in
the record that might arguably support the appeal.  See Bledsoe v. State, 178 S.W.3d 824,
827 (Tex. Crim. App. 2005).  We therefore
grant the motion to withdraw filed by Vian=s
counsel and affirm the trial court=s
judgment.

 

 PER CURIAM

 

PANEL: WALKER, GARDNER,
and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 19, 2009











[1]See Tex. R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct.
1396 (1967).





[3]Vian also filed a motion
to strike counsel=s brief.  We deny his motion.